## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 28 2017, 10:23 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Carol Ann Linzy,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | April 28, 2017<br><br>Court of Appeals Case No.<br>84A01-1611-CR-2614<br><br>Appeal from the Vigo Superior Court<br><br>The Honorable John T. Roach, Judge<br><br>Trial Court Cause No.<br>84D01-1306-FA-1703 |

**Vaidik, Chief Judge.**

# Case Summary

[1] Carol Ann Linzy appeals the revocation of her probation. She argues that the trial court abused its discretion in ordering her to serve the balance of her sentence in prison rather than on community corrections. Because this is Linzy's third probation violation in this case and Linzy has been given multiple chances to succeed outside of prison, we affirm the trial court.

# Facts and Procedural History

[2] In May 2014, Linzy pled guilty to three Class B felonies: aggravated battery, burglary, and criminal confinement. The trial court sentenced her to an aggregate term of ten years, with six years executed in the Department of Correction and four years suspended to probation.

[3] Linzy was released from the DOC early due to her successful completion of the CLIFF program and placed on probation. On three occasions thereafter, Linzy admitted violating her probation. On the first occasion, Linzy was discharged from Freebirds Solution Center, a sober-living facility, on November 26, 2015, twenty-three days after starting her term of probation. Linzy admitted violating her probation, and in March 2016 the trial court sentenced her to time served and added probation conditions.

[4] On the second occasion, during March and April 2016 Linzy used methamphetamine, Xanax, marijuana, and other controlled substances. She also failed to report to probation, take drug screens, and attend daily AA/NA

meetings. Linzy admitted violating her probation for a second time in this case, and in May 2016 the trial court sentenced her to time served and added more probation conditions, including ordering her to reside at Eagle Street House.

[5] On the third occasion, which led to this appeal, Linzy tested positive for methamphetamine in July 2016 and synthetic cannabinoids in August 2016 and was discharged unsatisfactorily from Eagle Street House in August 2016. Linzy admitted violating her probation for a third time in this case, and a hearing was held regarding disposition. The State asked for an executed sentence in the DOC, while Linzy asked the trial court to place her on community corrections instead of sending her to the DOC. The trial court ordered Linzy to serve the balance of her sentence in the DOC:

> Ms. Linzy, uh the original conviction back in '14 was three (3) violent B Felonies. Aggravated Battery, Burglary and Confinement. Uhm, you did already complete CLIFF so I . . . don't know that you would be eligible for that again. We modified you out based on you completing CLIFF and since then you've done nothing but fail the programs that you've tried here as well. . . . You did best while you were in D.O.C. and in the CLIFF Program.

Tr. p. 15.

[6] Linzy now appeals.

# Discussion and Decision

[7] Probation revocation is a two-step process. First, the trial court must determine that a violation of a condition of probation actually occurred. *Woods v. State,* 892 N.E.2d 637, 640 (Ind. 2008). Second, if a violation is proven, then the trial court must decide whether the violation warrants revocation of probation. *Id.* Where, as here, a probationer admits to the violation, the court can proceed to the second step of the inquiry and determine whether the violation warrants revocation. *Id.* A trial court's sentencing decision for violating probation is reviewed for an abuse of discretion. *Prewitt v. State,* 878 N.E.2d 184, 188 (Ind. 2007).

[8] Linzy contends that the trial court abused its discretion in sentencing her to the DOC because "it is not uncommon for people battling addiction to relapse and use again," especially when they also have mental-health issues like she does. Appellant's Br. p. 7. Accordingly, she claims that the trial court should have sentenced her to community corrections instead of the DOC.

[9] The trial court, however, specifically declined to place Linzy on community corrections. It noted that Linzy had already violated probation twice in this case. She failed multiple programs outside of jail, including treatment programs at both Freebirds and Eagle Street House, and failed to report to probation, take drug screens, and attend daily AA/NA meetings. Given the opportunities that Linzy has been given in this case, the trial court did not abuse its discretion in

ordering Linzy to serve the balance of her sentence in the DOC for violating probation for a third time in this case.

[10]     Affirmed.

Bailey, J., and Robb, J., concur.